UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISON

WILLIAM JENKINS,

    Plaintiff,

v.

HARRIS & HARRIS, LTD.

    Defendant.

Case No. 1:21-cv-03181

## COMPLAINT

**NOW COMES** WILLIAM JENKINS, through his undersigned counsel, complaining of HARRIS & HARRIS, LTD., as follows:

## NATURE OF THE ACTION

1. This action is seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

4. WILLIAM JENKINS ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Illinois.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. HARRIS & HARRIS, LTD. ("Defendant") is a limited liability partnership organized and existing under the laws of New York.

1

7. Defendant maintains its principal place of business at 111 West Jackson Boulevard, Suite 400, Chicago, Illinois 60604-4135.

8. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because the principal purpose of Defendant's business is the collection of debt owed or due or asserted to be owed or due another.

## FACTUAL ALLEGATIONS

9. Plaintiff obtained medical services from Advocate Medical.

10. Said medical services resulted in an alleged outstanding that Plaintiff was unable to make timely payment on due to unforeseen financial difficulties ("subject debts").

11. The subject debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

12. The subject debt was eventually placed with Defendant for collection.

13. On or around April 13, 2021, Defendant mailed Plaintiff a letter in an attempt to collect the subject debt ("Defendant's Letter").

14. Upon information and belief, Defendant's Letter was prepared and issued by a third-party vendor that Defendant hired for the sole purpose of preparing and issuing collection letters.

15. Specifically, Defendant's Letter referenced numerous bar codes that suggest a third-party vendor uses that for sorting purposes.

16. Upon information and belief, the numerous bar codes and/or QR codes belong to the third-party vendor that prepared and mailed Defendant's Letter.

17. Furthermore, Defendant's letter shows that the letter was sent from PO Box 117, Charlotte, North Carolina 28201-1117.

18. By hiring a third-party vendor to issue Defendant's Letter, Defendant unlawfully disclosed to the third-party that Plaintiff allegedly owed the subject debts.

19. Information regarding Plaintiff and the subject debts, including the fact that Plaintiff allegedly owed the subject debts was disclosed.

20. Privacy about one's financial affairs are considered of the upmost importance to people.

21. Privacy about one's financial affairs that includes information regarding medical treatment have an even higher level of privacy concerns.

22. Upon information and belief, the third-party vendor then completed and populated information provided by Defendant into a template letter that was then delivered to Plaintiff (Defendant's Letter).

23. The FDCPA defines "communication" at 15 U.S.C. § 1692a(3) as "the conveying of information regarding a debt directly or indirectly to *any person* through any medium." (emphasis added).

24. Accordingly, the information sent from Defendant to the unknown third-party vendor was a "communication" as defined by the FDCPA.

25. Defendant's communication to the unknown third-party vendor was in connection with the collection of a debt since the information was sent in an effort to facilitate collection of the subject debts.

26. Plaintiff did not authorize Defendant to communicate with the third-party vendor regarding the subject debts.

27. In limiting disclosures to third parties, the FDCPA states, at 15 U.S.C. § 1692c(b):

"Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise

permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector." (emphasis added).

28. The third-party vendor used by Defendant to facilitate the collection of the subject debts does not fall within any of the exceptions prescribed by 15 U.S.C. § 1692c(b).

29. Furthermore, As Plaintiff reviewed Defendant's collection letter, he discovered that Defendant was attempting to collect upon two debts however he only had one payment option.

30. Specifically, Defendant's letter lists two different creditor names, two different patient account numbers and two different date of services, however provides for only one total amount due.

31. Furthermore, Defendant's letter provided for a settlement plan entirely contingent on one total amount due and not for two respective, alleged, debts.

## DAMAGES

32. Defendant's unlawful dissemination of highly personal information regarding Plaintiff's financial affairs invaded Plaintiff's privacy and violated the rights afforded to the Plaintiff by the FDCPA.

33. Upon information and belief, Defendant utilizes third-party vendors to prepare and issue collection letters in an effort to reduce overhead costs and increase profits.

34. Defendant's conscious decision to use third-party vendors demonstrates that it prioritizes its economic interests over the privacy rights afforded to consumers by the FDCPA.

35. Furthermore, concerned with having had his statutory rights violated, including the ability to have proper and accurate information upon which to make a decision regarding the subject debt, Plaintiff sought counsel to ensure that Defendant's unlawful collection practices ceased and his privacy was protected.

## CLAIMS FOR RELIEF

### COUNT I:
### Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)

36. Plaintiff adopts and incorporates all paragraphs as fully stated herein.

37. Defendant violated 15 U.S.C. § 1692c(b) by unlawfully disclosing that Plaintiff owed the subject debts to its third-party vendor.

38. As set forth above, Plaintiff's privacy rights were violated by Defendant's unlawful disclosure of information pertaining to the subject debts to a prohibited third party.

39. Pursuant to §1692e of the FDCPA, a debt collector is prohibited from making "any false, deceptive, or misleading representation" in connection with the collection of a debt. 15 U.S.C. § 1692e.

40. Section 1692e(10) of the FDCPA prohibits a debt collector from "the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

41. Defendant violated §1692e and e(10) by providing deceptive and misleading settlement offer(s) and information about Plaintiff's alleged subject debts.

**WHEREFORE**, Plaintiff, WILLIAM JENKINS, requests the following relief:

- A. a finding that Defendant violated 15 U.S.C. §§ 1692c(b), e and e(10);
- B. an award of any actual damages sustained by Plaintiff as a result of Defendant's violations;
- C. an award of such additional statutory damages to Plaintiff, as the Court may allow, but not exceeding $1,000;
- D. an award of costs of this action, together with reasonable attorney's fees as determined by this Court; and
- E. an award of such other relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

DATED: June 14, 2021                                                  Respectfully submitted,

WILLIAM JENKINS

By: */s/ Victor T. Metroff, Esq.*

Jennifer Ann McLaughlin, Esq.
Mohammed O. Badwan, Esq.
Victor T. Metroff, Esq.
*Counsel for Claimant*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8180
mbadwan@sulaimanlaw.com
vmetroff@sulaimanlaw.com
jmclaughlin@sulaimanlaw.com